# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KIMBRO,<br><br>                    Petitioner,<br><br>     v.<br><br>STATE OF CALIFORNIA, et.al.,<br><br>                    Respondent.<br>_____/ | CV F 07-00921 DLB HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST STATE JUDICIAL REMEDIES<br><br>[Doc. 15] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

PROCEDURAL BACKGROUND

On September 23, 2004, an amended information was filed in Mariposa County Superior Court charging Petitioner as follows: (1) Counts 1 through 6 alleged lewd and lascivious acts on a child under the age of 14 (Cal. Penal Code, § 288, subd. (a)); (2) Count 7 alleged indecent exposure (Cal. Penal Code § 314, subd. (1); and (3) Count 8 alleged possession of marijuana (Cal. Health & Saf. Code § 11357, subd. (a)). (Lodged Doc. No. 1, at 39-46.) It was further alleged as to all counts that Petitioner committed the offenses against more than one victim within the meaning of section 667, subdivisions (b), (c), and (e). (Id. at 46.) It was also alleged that Petitioner was ineligible for probation because the offenses involved multiple victims (Cal. Penal Code § 12033.066, subd. (a)(7)) and constituted substantial sexual conduct (Cal. Penal Code §

1203.066, subd. (a)(8)). (Id.) In addition, it was alleged under section 1203, subdivision (e)(4), that Petitioner was ineligible for probation because he had two prior felony convictions, both for burglary in the second degree. (Cal. Penal Code § 459). (Id. at 47.)

On February 7, 2005, Petitioner entered a plea of no contest to counts 1 through 8, and he admitted all the allegations. (Lodged Doc. 1, at 132-137.) He agreed to a stipulated sentence of four concurrent terms of 15 years to life and two concurrent terms of six years. (Id. at 135.)

On March 9, 2005, Petitioner filed a notice of motion to withdraw his plea pursuant to California Penal Code section 1018. (Lodged Doc. 1, at 141-142.) The trial court heard the motion on March 30,2 005. (Id. at 212-214.) On that same date, the court denied the motion and granted the prosecutor's motion to dismiss count 8, the marijuana charge. (Id. at 214.)

On April 21, 2005, the trial court sentenced Petitioner to four concurrent terms of 15 years to life and two concurrent terms of six years. (Lodged Doc. 1, at 297-299.)

On or about May 27, 2005, Petitioner filed a timely notice of appeal, and the trial court granted Petitioner's request for certificate of probable cause. (Lodged Doc. 2.)

On July 25, 2006, the California Court of Appeal, Fifth Appellate District, struck the $2,000 surcharge imposed on the restitution fine and parole revocation fine and otherwise affirmed the judgment as modified. (Lodged Doc. 6.)

Petitioner filed a petition for review in the California Supreme Court on or about September 2, 2006. (Lodged Doc. 7.) The petition was denied on October 11, 2006. (Lodged Doc. 8.) The Remittur was issued on October 17, 2006. (Lodged Doc. 9.)

On April 9, 2007, Petitioner filed a state petition for writ of habeas corpus, which was denied on May 1, 2007. (Lodged Doc. 10.) On May 11, 2007, Petitioner filed a state habeas corpus petition in the Fifth District Court of Appeal, which was denied on May 17, 2007. (Lodged Doc. 11.)

On June 13, 2007, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Eastern District of California, Sacramento Division. By order of June 27, 2007, the petition was transferred to this Court.

Respondent filed the instant motion to dismiss on October 19, 2007, and Petitioner filed

an opposition on November 9, 2007.  (Court Docs. 15, 24.)

DISCUSSION

A.      Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.      Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood,

4

195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the instant petition, Petitioner raises the following three claims for relief: (1) the "strike" and fifteen years to life sentence are illegal and not mandated by law under Cunningham v. California, 127 S.Ct. 856 (2007); Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000); (2) the prosecutor withheld information concerning his sentence, making his no contest plea of fifteen years to life confusing and incorrect under Cunningham; and (3) ineffective assistance of counsel. Respondent argues that Petitioner has failed to exhaust all three of the claims raised in the instant petition. The Court agrees.

The first two claims based upon the Supreme Court's holding in Cunningham, were not raised during the direct review following his conviction. (See Lodged Docs. 3, 7.)

In his state habeas corpus petitions filed in the Mariposa County Superior Court and Fifth District Court of Appeal, Petitioner raised both claims one and two. (Lodged Docs. 10 & 11.) However, Petitioner failed to file a state habeas corpus petition in the California Supreme Court. Consequently, Petitioner has not satisfied the AEDPA exhaustion requirement. As such, Claims one and two are unexhausted.

Petitioner's third claim of ineffective assistance of counsel is also unexhausted because it was not sufficiently raised as a federal claim in the California Supreme Court. As previously stated, Petitioner did not file a state habeas corpus petition in the California Supreme Court. Rather, Petitioner filed a petition for review during the direct appeal. It is noteworthy that Petitioner filed the identical brief to both the Fifth District Court of Appeal and California Supreme Court. (Lodged Docs. 3 & 7.) Because the California Supreme Court summarily denied the petition for review, the Court will look through that decision and review the Fifth District Court of Appeal's decision as it pertains to the exhaustion analysis. The petition for review raised only the following two claims:

I.  THE JUDGMENT MUST BE REVERSED BECAUSE THE TRIAL COURT ERRED IN FAILING TO ALLOW APPELLANT TO WITHDRAW HIS PLEA AFTER HE DEMONSTRATED THAT HE MADE THE PLEA WITHOUT A FULL UNDERSTANDING OF THE POTENTIAL DEFENSES

II. THE JUDGMENT MUST BE REVERSED BECAUSE THE TRIAL COURT ERRED IN FAILING TO HOLD A HEARING PURSUANT TO PEOPLE V. MARSDEN WHEN APPELLANT MOVED TO WITHDRAW HIS PLEA BASED ON INADEQUATE ADVICE FROM HIS ATTORNEY AND SUBSEQUENTLY ALLOWED THAT ATTORNEY TO REPRESENT APPELLANT AT SENTENCING AFTER SHE TESTIFIED IN OPEN COURT ABOUT THE ADVICE SHE HAD GIVEN APPELLANT CONCERNING HIS DECISION TO PLEAD NO CONTEST

(Lodged Doc. 7.) As Respondent submits, Petitioner does not raise the latter argument in any fashion in the instant federal petition. Accordingly, only the withdrawal of plea argument is relevant to the determination of whether the claim was fairly presented as a federal claim of ineffective assistance of counsel.

In presenting his withdrawal of plea argument, Petitioner cited and relied upon California Penal Code section 1018 as the standard of review, namely, a defendant's showing of mistake, ignorance, or inadvertence suffices for the trial court to find good cause to allow a defendant to withdraw his plea. (Lodged Doc. 3, at 4.) Petitioner cited only state, not federal, cases. (Id.) He relied on the California trial court's decision to grant the withdrawal motion as a "clear and convincing standard." Further, the standard of review for reversal was argued as an abuse of discretion based entirely upon California law. (Id., citing In re Brown, 9 Cal.3d 679 (1973).) In addition, Petitioner relied upon People v. McCary, 166 Cal.App.3d 1 (1985) to support his argument that if denied the effective assistance of counsel in entering a plea of guilty, the defendant is entitled to reversal and an opportunity to withdraw his plea, if he desires. (Lodged Doc. 3, at 7.)

In passing on his claim, Petitioner referenced the Sixth Amendment; however, the citation was made in the context of arguing that the state trial court had abused its discretion when it denied his motion to withdraw the no contest plea. (Lodged Doc. 3, at 4.) In determining whether a claim has been exhausted, the Court must look at the claim in the context in which it was presented. See e.g. Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005) ("citation of a relevant federal constitutional provision in relation to some other claim does not satisfy the

6

exhaustion requirement"); Baldwin v. Reese, 541 U.S. 27, 29-31, 33 (2004).  Here, Petitioner did not rely upon or even cite the controlling Supreme Court authority in Strickland v. Washington, 466 U.S. 668 (1984), which is the principal case setting forth the test to analyze ineffective assistance of counsel claims.  Although Petitioner presented that trial counsel skirted the role of California Penal Code section 1203.066(c) and misadvised him as to a "potential defense," it was not presented in the context of a Strickland claim.  Moreover, the heading of his argument made no reference to a federal constitutional claim.  The exhaustion requirement is not met if the prisoner has not "fairly presented" his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law.  See Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999).  Here, although Petitioner referenced the Sixth Amendment, his argument was based upon the alleged trial court's abuse of discretion under California Penal Code section 1018, as such it was presented in a completely different evidentiary posture.  Thus, the text of his opening brief did not alert the appellate court that a separate federal ineffective assistance of counsel claim was being asserted, and it was incumbent upon Petitioner to raise the claim as a separate constitutional violation.  See e.g. Kelly v. Small, 315 F.3d 1063, 1068, n. 2 (9th Cir. 2003) (although the grounds underlying claims may be virtually identical, each claim must be raised as a separate constitutional violation).

Furthermore, the decision issued by the Fifth District Court of Appeal supporting the finding that Petitioner's opening brief did not fairly present a federal ineffective assistance of counsel claim sufficient to satisfy the exhaustion requirement.  As cited by the appellate court, the state law on denying a motion to withdraw a plea instructs that "the trial court's decision will be upheld unless there is a clear showing of abuse of discretion."  (Lodged Doc. 6, at 6, citing People v. Weaver, 118 Cal.App.4th 131, 145-146 (2004)).  The appellate court also analyzed In re Vargas, 83 Cal.App.4th 1125 (2000), which held that where ineffective assistance of counsel results in the defendant's decision to plead guilty, "the defendant has suffered a constitutional violation giving rise to a claim for relief from the guilty plea."  (Lodged Doc. 6, at 6; Vargas, at 1134.)  Specifically, "a defendant must establish not only incompetent performance by counsel, but also a reasonable probability that, but for counsel's incompetence, the defendant would not

have pleaded guilty and would have insisted on proceeding to trial." (Id., citing Vargas, at 1134.) Although this analysis is somewhat akin to a Strickland analysis, the review standard is strictly based upon California's abuse of discretion standard and is accordingly not identical or functionally equivalent to review of a federal ineffective assistance of counsel claim. A federal constitutional claim based upon Strickland requires an independent review standard for the prejudice component. See People v. Ault, 33 Cal.4th 1250, 1265, n. 8 (2004).

Here, the state appellate court did not conduct an independent review of Petitioner's claim. Rather, the appellate court applied California's abuse of discretion standard, holding that the court did not abuse its discretion when it denied Petitioner's motion to withdraw his plea. (Lodged Doc. 6, at 9.) Such analysis is evidence that the appellate court did not read Petitioner's brief as raising a separate federal ineffective assistance of counsel claim under Strickland. Accordingly, Claim three is unexhausted. Consequently, because the instant petition contains only unexhausted claims, it must be dismissed, without prejudice, for failure to exhaust the state court remedies.

## ORDER

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss is GRANTED; and
2. The instant petition for writ of habeas corpus is DISMISSED, without prejudice, for failure to exhaust the state court remedies.

IT IS SO ORDERED.

Dated:    **November 26, 2007**                    **/s/ Dennis L. Beck**
                                                   UNITED STATES MAGISTRATE JUDGE